IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FULTON, | ) | Case No. 20-cv-3118 |
| | ) | |
| *Plaintiff*, | ) | Hon. Joan H. Lefkow |
| | ) | District Judge |
| *v.* | ) | |
| | ) | Hon. Maria Valdez |
| ROBERT BARTIK, *et al.* | ) | Magistrate Judge |
| | ) | |
| *Defendants*. | ) | JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| ANTHONY MITCHELL, | ) | Case No. 20-cv-3119 |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | [Consolidated with *Fulton v. Bartik* |
| *v.* | ) | for pre-trial purposes] |
| | ) | |
| ROBERT BARTIK, *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | JURY TRIAL DEMANDED |

**MOTION TO EXCLUDE PORTIONS OF DEFENSE EXPERT
JOSEPH POLLINI'S OPINIONS BASED ON HIS CREDIBILITY DETERMINATIONS**

Plaintiffs move to bar certain opinions by defense police practices expert Joseph Pollini that are based on impermissible credibility determinations.

## INTRODUCTION

Mr. Pollini is qualified as a police practices expert, but his expected testimony deviates from admissible bounds by delving into credibility determinations. At his deposition, Mr. Pollini candidly admitted that his opinions regarding that some of his opinions in the case were based on his assessment that the Defendants' testimony is more credible than other witnesses. The

inadmissible opinions include that the Defendants' treatment of Johnnitta Griffin comported with reasonable police practices (Ex. A, Pollini dep., at 170:19-171:5); that the Defendants' treatment of Plaintiffs comported with reasonable police practices (*id*. at 183:23-186:25); that the Defendants' interactions with Yolanda Henderson were proper (*id*. at 191:15-193:4); and that there was probable cause for Plaintiffs' arrest. *Id*. at 224:22-225:15. In each instance, Mr. Pollini resolves credibility disputes in Defendants' favor. *Id*. 170:19-171:5; 183:23-186:25; 191:15-193:4; and 224:22-225:15.[1]

Of course, the parties' competing testimony strikes a stark contrast; the jury will have to decide whether Plaintiffs, Shaw, and Griffin were coerced to make false statements through physical and psychological abuse, or if they were treated humanely and their resulting confessions were the product of their own free will. Mr. Pollini should not be permitted to opine

---

[1] As but one example, in regard to Griffin's statements, Mr. Pollini had this to say:
```
 Q.   And so as a police detective, when you're
 5   reviewing the record in this case, is it fair to say
 6   that you credit the contemporaneous reports created at
 7   the time, back in 2003, over what Johnita Griffin is
 8   saying later in time?
 9        A.   I -- I'd say that whatever she did in 2003 is
10   the correct information versus her recanting her
11   statement.  Personally -- as far as why, I mean, it's a
12   very common occurrence because people are in fear of
13   their life.  I mean, originally, they go to the station
14   house, they're asked to come in by the police, you know,
15   and then they give a statement to the police as far as
16   what transpired and then they retract it.  And the
17   reason why they retract it is because they're afraid.
18   Invariably, almost always, that's what the case is.
19        Q.   And so in creating -- reaching the opinions in
20   this report, you found the initial reports by the police
21   officers and her -- and Johnita Griffin's
22   contemporaneous statement in, you know, March of 2003 to
23   mean more credible than her later statement saying that
24   she was coerced; is that right?
25        A.   I do.
Page 171
 1        Q.   Okay.  And that's what you base your opinions,
 2   that the actions of the police concerning Johnita
 3   Griffin's interviews also conform with reasonable police
 4   procedures?
 5        A.   I believe so, yes.
```

that the Defendant police officers acted reasonably when his opinions are based on his view that they are more credible than the non-law enforcement witnesses.

## Legal Standard

The trial judge occupies a "gatekeeping role" and must scrutinize proffered expert testimony to ensure it satisfies each requirement of Rule 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 597 (1993). The proponent of the expert evidence bears the burden of establishing, by a preponderance of the evidence, that the requirements set forth in Rule 702 and *Daubert* have been satisfied. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). This rule applies not only to scientific testimony but to all expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

Based on well-settled law, experts are prohibited from opining based on credibility determination. *United States v. Hall,* 165 F.3d 1095, 1107 (7th Cir. 1999) ("the credibility of eyewitness testimony is generally not an appropriate subject matter for expert testimony because it influences a critical function of the jury-determining the credibility of witnesses") (citation omitted); *see also United States v. Scheffer,* 523 U.S. 303, 313 (1998) ("Determining the weight and credibility of witness testimony ... has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' ") (citing *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88 (1891)). *Davis v. Duran,* No. 08–C–6314, 2011 WL 2277645, at *7 (N.D. Ill. June 10, 2011) ("An expert witness may not usurp the jury's function to weigh evidence and make credibility determinations").

3

**Argument**

Mr. Pollini unquestionably bases certain of his opinions on his assessment that the non-law enforcement testimony was not credible in his eyes. His determination that the police acted appropriately, or with probable cause, is wholly based on his belief that one side is more credible than the other. Ex. A, Pollini Dep., at 170:19-171:5; 183:23-186:25; 191:15-193:4; and 224:22-225:15. The problem for Defendants is that because Mr. Pollini's objected-to opinions rise and fall with his credibility assessments, the Court cannot divorce his opinions from his impermissible credibility determinations. Thus, the Court must bar Mr. Pollini from opining on these topics. *See Jordan v. City of Chicago*, No. 08 C 6902, 2012 WL 88158, at \*6 (N.D. Ill. Jan. 11, 2012) ("[H]is opinions rise and fall with his credibility determination. Had he reached the opposite decision regarding the witnesses' credibility, his opinions would be the opposite of those in his report. This, as Defendants point out, is the precise determination that the jury must make. Therefore, it is an improper expert opinion under Rule 702 and *Daubert*.").

Accordingly, "because an expert cannot testify as to credibility issues," *Goodwin v. MTD Prod., Inc.,* 232 F.3d 600, 609 (7th Cir. 2000), Mr. Pollini must be barred from opining on the following topics:

- that Griffin's treatment at the police station comported with accepted police practices; Ex. B, Pollini report, at 21-22 ("The actions of the police concerning Johnnitta Griffin's interviews also conform with reasonable police procedures.");
- that Plaintiffs were treated properly in accordance with police procedures; *id*. at 24-25 ("John Fulton and Anthony Mitchell were both fed, given water, were allowed to use the restroom, were not abused in any way, and no threats or promises were used against them. Despite Fulton's and Mitchell's claims of psychological and physical abuse, there

is no evidence to support their allegations. When they had the opportunity to talk to the prosecutors, neither Fulton nor Mitchell told the prosecutors that the Detectives physically or psychologically harmed them in any way. Rather, both Fulton and Mitchell relayed that they were treated fine by the police.");

- that Shaw's and Henderson's interviews were conducted properly; *id*. at 21 ("Each witness interview, … were [sic] performed in accordance with reasonable and proper police procedures.").

- that there was probable cause to believe Plaintiffs were guilty of murder; *id*. at 26 ("a reasonable detective would believe that there was probable cause to prosecute John Fulton and Anthony Mitchell for the murder of Christopher Collazo.").

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter and Order barring Defendants from eliciting opinions from Mr. Pollini based on his credibility determinations made in Defendants' favor or any other relief this Court deems just.

Respectfully submitted,

**PLAINTIFF JOHN FULTON**
**PLAINTIFF ANTHONY MITCHELL**

BY: /s/ *Russell Ainsworth*
*One of Plaintiffs' Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Julia Rickert
Fatima Ladha
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, IL 60607
T: 312-243-5900
F: 312-243-5902

5

russell@loevy.com

Andrea D. Lyon
LYON LAW
53 W. Jackson Blvd., Ste. 1650
Chicago, IL 60604
T: 312-877-5543
F: 312-663-3707
andrea@andrealyon.com

## CERTIFICATE OF SERVICE

I, Russell Ainsworth, an attorney, hereby certify that on December 18, 2024, I caused the foregoing document to be served on all counsel of record by using the Court's CM/ECF system.

By: /s/ *Russell Ainsworth*
*One of Plaintiffs' Attorneys*