**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | 20-cv-3118 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| ROBERT BARTIK, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ANTHONY MITCHELL, | ) | |
| | ) | 20-cv-3119 |
| Plaintiff, | ) | |
| | ) | Judge Lefkow |
| v. | ) | |
| | ) | Jury Trial Demanded |
| ROBERT BARTIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 47 TO BAR**
**MENTION OF PENDING LAWSUIT BROUGHT AGAINST**
**ASSISTANT STATE ATTORNEY JACOB RUBINSTEIN**

Defendants Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi, and Stephen Franko ("Individual City Defendants"), by and through their undersigned counsel, move this Court *in limine* to bar evidence, argument, reference, or mentioning of the pending *Thomas Kelly v. Reynaldo Guevara, et al.*, 24-cv-05354 filed against Assistant State Attorney Jacob Rubinstein. In support of its motion, Individual City Defendants state as follows:

By way of background, Assistant State Attorney ("ASA") Jacob Rubinstein was a named defendant in this matter and was dismissed with prejudice based upon claim preclusion grounds. (*See* Dkt. 126; 129). ASA Rubinstein was involved in taking the written statement of Johnitta

Griffin and was present for Plaintiff John Fulton's and Plaintiff Anthony Mitchell's oral confessions, and as such, will be called as a fact witness at trial. (*See* December 6, 2022, Deposition Transcript of Jacob Rubinstein, attached hereto as Ex. 1 at 18:3-12; 34:6-14; 37:10-21; 100:18-101:20). Recently, ASA Rubinstein has been named as a defendant in *Thomas Kelly v. Reynaldo Guevara, et al.*, 24-cv-05354, a lawsuit filed on June 26, 2024. (*See* Complaint filed in *Thomas Kelly v. Reynaldo Guevara, et al.*, 24-cv-05354, attached hereto as Ex. 2). In the *Kelly* lawsuit, the complaint alleges that ASA Rubinstein conspired with the named police officer defendants to fabricate incriminating statements and to force the *Kelly* plaintiff to sign an incriminating statement. (Ex. 2 at ¶¶ 19; 72; 79).

Defendant Officers seek to bar Plaintiffs from presenting evidence, testimony, argument, or mentioning that ASA Rubinstein is a named party in the *Kelly* lawsuit as well as the allegations brought against him in that lawsuit because that lawsuit is still pending and being litigated, and because it would be used for improper propensity purposes and it's minimal probative value in this matter is substantially outweighed by its undue prejudice. Prior to ASA Rubinstein being dismissed as a party in this matter, Plaintiffs' Complaint made allegations against him such as that he fabricated witness statements and that he coerced and fabricated both Plaintiffs' confessions; and he conspired with Defendant Officers to coerce Plaintiffs' confessions and fabricate evidence. (*See* Compl., Dkt. 1, ¶¶ 33; 46; 138). These are nearly identical to the allegations being brought against ASA Rubinstein in the *Kelly* suit, notably also authored by attorneys at Loevy & Loevy. (Ex. 2, ¶¶ 19; 72; 79).

Fed. R. Evid. 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Here, Plaintiffs' counsel would be utilizing evidence of

the *Kelly* lawsuit to raise a propensity inference that if ASA Rubinstein allegedly coerced or fabricated evidence and/or witness and suspect statements in *Kelly*, that he may have done so with Plaintiffs Fulton and Mitchell as well as Johnitta Griffin. There is no other utility in introducing the *Kelly* lawsuit other than to raise this propensity inference as it relates to ASA Rubinstein. As such, any reference or mention of the *Kelly* lawsuit should be barred under Fed. R. Evid. 404(b).

Additionally, ASA Rubinstein in not a party in this matter and thus, the jury will not be considering any sort of liability as it relates to ASA Rubinstein and his actions in the underlying criminal investigation. Therefore, under Fed. R. Evid. 401, there is little to no relevance to introducing any evidence or referencing the *Kelly* lawsuit because it does not make any fact of consequence, whether Defendant Officers and the remaining ASA Defendants committed misconduct, in this matter more or less likely. This is especially true where the *Kelly* lawsuit was recently filed in June 2024 and is still pending and being litigated, making any mention of the suit even less relevant because there have been no findings of liability of any type and fact discovery is likely still ongoing.

Further, because the *Kelly* lawsuit is still ongoing, any mention of the allegations being brought against ASA Rubinstein should also be barred under Fed. R. Evid. 403 because allowing the jury in this matter to hear about allegations from a separate matter is unduly prejudicial and would risk misleading and confusing the jury. *See Smith v. Nurse*, No. 14-CV-5514, 2016 WL 4539698, at *6 (N.D. Ill. Aug. 31, 2016) (barring mention of prior lawsuits, finding such evidence is not relevant and unduly prejudicial); *Schmidt v. Klinman*, No. 05 C 2134, 2005 WL 6939158, at *9 (N.D. Ill. Dec. 2, 2005) (barring evidence of prior and pending lawsuits finding "[e]vidence about unrelated lawsuits … inflammatory and likely to prejudice the jury against defendants."). It would also result in a series of mini-trials in which counsel for ASA McRay Judge and Andrew

Varga, and counsel for Defendant Officers, would have to defend against the allegations against ASA Rubinstein brought in *Kelly*, since those allegations have not been resolved yet. Thus, any mention of the *Kelly* lawsuit should be barred.

WHEREFORE, Defendants Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi, and Stephen Franko respectfully request this Court to move *in limine* to bar evidence, argument, reference, or mentioning of the pending *Thomas Kelly v. Reynaldo Guevara, et al.*, 24-cv-05354 filed against Assistant State Attorney Jacob Rubinstein, and for any other relief this Court deems just and proper.

Dated: December 18, 2024

Respectfully submitted,

*/s/ Natalie Y. Adeeyo*
Shneur Nathan (snathan@nklawllp.com)
Avi Kamionski (akamionski@nklawllp.com)
Natalie Adeeyo (nadeeyo@nklawllp.com)
Breana Brill (bbrill@nklawllp.com)
John Cerney (jcerney@nklawllp.com)
Special Assistants Corporation Counsel
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, IL 60661
(312) 957-6639

*Attorneys for Individual City Defendants*

## CERTIFICATE OF SERVICE

I, Natalie Adeeyo, an attorney, hereby certify that on December 18, 2024, I caused the foregoing document to be filed with the Court's CM/ECF system, which provided electronic notice and a copy of the same to all counsel of record.

*/s/ Natalie Y. Adeeyo*