IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FULTON, | ) | Case No. 20-cv-3118 |
| | ) | |
| *Plaintiff*, | ) | Hon. Joan H. Lefkow |
| | ) | District Judge |
| v. | ) | |
| | ) | Hon. Maria Valdez |
| ROBERT BARTIK, *et al.* | ) | Magistrate Judge |
| | ) | |
| *Defendants.* | ) | JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| ANTHONY MITCHELL, | ) | Case No. 20-cv-3119 |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | [Consolidated with *Fulton v. Bartik* |
| v. | ) | for pre-trial purposes] |
| | ) | |
| ROBERT BARTIK, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO
COUNTY DEFENDANTS' MOTIONS *IN LIMINE* NOS. 1-10**

# TABLE OF CONTENTS

Response to County Defendants' MIL No. 1 to Exclude Argument or Reference to Obligation of Cook County or Cook County State's Attorney's Office to Indemnify the County Defendants .....1

Response to County Defendants' MIL No. 2 Exclude Reference to Defense Counsel as "Special State's Attorneys" or "State's Attorneys" ................................................................................1

Response to County Defendants' MIL No. 3 to Exclude Reference to Other Civil Suits Against Any County Defendant or Employee................................................................................1

Response to County Defendants' MIL No. 4 Use of CPD Policies and Procedures Against County Defendants...............................................................................................................2

Response to County Defendants' MIL No. 5 to Bar Argument that the Cook County State's Attorney's Office is "Preventing" Plaintiffs from Obtaining a Certificate of Innocence ................2

Response to County Defendants' MIL No. 6 to Bar Evidence of or Reference to Settlement Negotiations ........................................................................................................................2

Response to County Defendants' MIL No. 7 to Bar Evidence of Delay in Bringing this Case to Trial......................................................................................................................................3

Response to County Defendants' MIL No. 8 to Bar Any Evidence of Unrelated Reversed Conviction Cases in the News ............................................................................................3

Response to County Defendants' MIL No. 9 Bar Reference or Argument that County Employees are Being Paid by the County To Appear in Court and Testify.......................................................3

Response to County Defendants' MIL No. 10 to Bar Evidence or Argument that the County Defendants Failed to Investigate or Follow Up on Any Issue or Evidence ...................................3

NOW COMES Plaintiffs John Fulton and Anthony Mitchell for their response to the County Defendants' Omnibus Motions *in Limine* Nos. 1-10 (Fulton Dkt. 328, Mitchell Dkt. 332), and state as follows:

**Response to County Defendants' MIL No. 1 to Exclude Argument or Reference to Obligation of Cook County or Cook County State's Attorney's Office to Indemnify the County Defendants**

Plaintiffs do not object to County Defendants' MIL No. 1, which seeks to bar evidence that the County Defendants may be indemnified by Cook County for any portion of judgment entered against them. Plaintiffs only respond to request that the Court's order apply both ways. In other words, if this motion is granted, it should also prohibit Defendants from asserting an inability to pay defense at trial, both as concerns compensatory and punitive damages. Relatedly, no Defendant should be permitted to argue that indemnification or insurance is not available. Finally, Defendants may not themselves suggest or imply anything about the financial disparity of Plaintiff vis- à-vis the Defendants. *See Smith v. Garcia*, No. 15-cv-10105, 2018 WL 461230 at *7 (N.D. Ill. Jan. 18, 2018) ("Evidence of indemnification is inadmissible, unless Defendants open the door by bringing their personal financial circumstances into the case or suggesting any hardship on them in conducting the defense").

**Response to County Defendants' MIL No. 2 Exclude Reference to Defense Counsel as "Special State's Attorneys" or "State's Attorneys"**

Plaintiffs do not oppose County Defendants' MIL No. 2.

**Response to County Defendants' MIL No. 3 to Exclude Reference to Other Civil Suits Against Any County Defendant or Employee**

County Defendants' MIL No. 3 seeks to bar mention of any other civil suits against the County Defendants in this case, specifically mentioning *Kelly v. Guevara,* 24 cv 05354, wherein former defendant Jacob Rubenstein, who is expected to testify in this trial, is a named defendant,

1

arguing that since the claims in *Kelly* are similar to the wrongful conduct here, admitting evidence of that lawsuit would be inadmissible propensity evidence. However, an unrelated civil suit may be useful to the jury for a non-propensity purpose, including to show that the County Defendant had the knowledge, plan, or motive for his or her wrongful conduct. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 495-96 (7th Cir. 1998) (holding that evidence of a party's prior lawsuits are admissible for several non-propensity reasons, including modus operandi, and the conduct was similar enough and close enough in time to be relevant); *see also Ledford v. Lamartz*, 462 F.Supp.3d 905, 909 (N.D. Ind. 2020) ("While Defendants limit their evidentiary discussion to Rules 404(b) and 609, there are other bases on which so-called "bad acts" evidence could be admissible. Such evidence could be admissible as evidence of habit or routine under Rule 406, or under Rule 404(b) to show modus operandi."). At the very least, the Court should reserve ruling on this motion if and until Plaintiffs seek to admit evidence of other civil suits against County Defendants, including the *Kelly* lawsuit.

**Response to County Defendants' MIL No. 4 Use of CPD Policies and Procedures Against County Defendants**

Plaintiffs do not oppose County Defendants' MIL No. 4

**Response to County Defendants' MIL No. 5 to Bar Argument that the Cook County State's Attorney's Office is "Preventing" Plaintiffs from Obtaining a Certificate of Innocence**

Plaintiffs do not oppose County Defendants' MIL No. 5. Plaintiffs reserve their objections raise in their response to Individual City Defendants' MIL No. 27.

**Response to County Defendants' MIL No. 6 to Bar Evidence of or Reference to Settlement Negotiations**

Plaintiffs do not oppose County Defendants' MIL No. 6.

**Response to County Defendants' MIL No. 7 to Bar Evidence of Delay in Bringing this Case to Trial**

Defendants seek to bar Plaintiffs from making any argument that they have waited a long time for their day in court. This motion is overbroad and should be denied.

Plaintiffs will not argue at trial that Defendants' conduct in this litigation—or that of their counsel—delayed trial. *Cf. Obrycka v. City of Chi.*, 2012 WL 4060293, at *2 (N.D. Ill. Sept. 14, 2012). Nor will Plaintiffs point out to the jury that this civil case was filed in 2020. Plaintiffs, however, should be permitted to acknowledge and discuss the reality that they have waited a long time for justice and a long time for their day in court, and they should be permitted to tell the jury that Defendants' conduct in framing them is the cause of their long quest for justice. Contrary to Defendants' assertion that this information is irrelevant, the amount of time Plaintiffs were incarcerated and the amount of time Defendants have been falsely accusing them of murder—nearly 17 years and 22 years, respectively—are both directly relevant to damages. Plaintiffs repeat their objections to Individual City Defendants' MIL no. 7, incorporated by reference herein. *See* Plaintiffs' Response to Individual City Defendants' MIL No. 7.

**Response to County Defendants' MIL No. 8 to Bar Any Evidence of Unrelated Reversed Conviction Cases in the News**

Plaintiffs do not oppose County Defendants' MIL No. 8.

**Response to County Defendants' MIL No. 9 Bar Reference or Argument that County Employees are Being Paid by the County To Appear in Court and Testify**

Plaintiffs do not oppose County Defendants' MIL No. 9.

**Response to County Defendants' MIL No. 10 to Bar Evidence or Argument that the County Defendants Failed to Investigate or Follow Up on Any Issue or Evidence**

Similar to the Officer Defendants' motion *in limine* no. 18, the County Defendants also erroneously rely on Fourth Amendment cases holding that officers are not obligated to conduct additional investigation after establishing probable cause to bar post-arrest conduct (or

misconduct). The problem for Defendants is that Plaintiffs have several non-Fourth Amendment claims in this case. Accordingly, Defendants' case citations are no bar to Plaintiffs' inquiry into Defendants post-arrest conduct.

Moreover, Defendants claim that all investigation must stop once probable cause is established, but one view of the evidence is that Defendants never had probable cause to begin with. This Court, therefore, cannot assume that Plaintiffs' arrests were supported by probable cause, and thus Defendants' post-arrest conduct is potentially relevant to all of Plaintiffs' claims.

Defendants' reliance on *Beaman v. Freesmeyer*, 2019 IL App (4th) 160527, ¶ 115 fares no better. Plaintiffs are not trying to make a claim that Defendants' allegedly shoddy or biased investigation constitutes (by itself) a tort. Rather, Plaintiffs seek to introduce evidence that Defendants willfully ignored basic investigatory steps post-arrest to continue their plot to frame Plaintiffs.

One inference from Defendants' refusal to conduct relevant investigation is that Defendants knew Plaintiffs' confessions were false and thus did not want to develop additional exculpatory evidence that would further disprove their confessions. Of course, Defendants can contest Plaintiffs' theory of the case, but they raise no basis to bar Plaintiffs from admitting this evidence. *See Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007) ("A motion in *limine* should only be granted where the evidence is clearly inadmissible for any purpose.").

## CONCLUSION

For all of the foregoing reasons, the County Defendants' Motions *in Limine* Nos. 1, 3, 7, and 10 should be denied.

4

Respectfully submitted,

**PLAINTIFF JOHN FULTON**
**PLAINTIFF ANTHONY MITCHELL**

BY: /s/ Russell Ainsworth
One of Plaintiffs' Attorneys

Arthur Loevy
Jon Loevy
Russell Ainsworth
Julia Rickert
Fatima Ladha
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, IL 60607
312-243-5900
russell@loevy.com

Andrea D. Lyon
LYON LAW
53 W. Jackson Blvd., Ste. 1650
Chicago, IL 60604
312-877-5543
andrea@andrealyon.com

## CERTIFICATE OF SERVICE

I, Russell Ainsworth, an attorney, hereby certify that on January 8, 2024, I served the foregoing document to be served on all counsel of record by using the Court's CM/ECF system.

/s/ Russell Ainsworth