**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 20 C 3118 |
| ROBERT BARTIK, et al., | ) | Judge Joan H. Lefkow |
| Defendants. | ) | |
| ANTHONY MITCHELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 20 C 3119 |
| ROBERT BARTIK, et al., | ) | Judge Joan H. Lefkow |
| Defendants. | ) | |

## ORDER

Plaintiffs' motion for reconsideration (20 C 3118, dkt. 595; 20 C 3119, dkt. 602)[1] is denied. (*See* Statement.)

## Statement

In their motion for reconsideration, plaintiffs assert that they inadvertently requested a lower rate for attorney Martinez than for attorney Green in their fee petition (dkt. 548) and the amended Local Rule 54.3 joint statement (dkt. 547). The rate requested for Martinez in those filings ($473) differed from the rate referenced in Martinez's affidavit (dkt. 548-16) and in the City's response (dkt. 556 at 19) to plaintiff's fee petition ($581). Plaintiffs state that these latter filings state the rate they intended to seek for Martinez's services. As such, plaintiffs request that the court correct its order by granting Martinez and Green both an hourly rate of $581 and attorney Ladha an hourly rate of $473. Plaintiffs also ask the court to reduce Green's, Martinez's, and Ladha's hours by 68, 17, and 28.5, respectively.

Under Fed. R. Civ. P. 60(b)(1), the court may, but is not required to, grant a party relief from a court order where a party's mistake, inadvertence, or excusable neglect resulted in error. *Easley* v. *Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004) ("A trial judge's decision to grant or deny

[1] Additional docket cites correspond to the docketing in 20 C 3118.

relief under Rule 60(b)(1) is discretionary[.]" (citation omitted)). Here, although plaintiffs appear to have inadvertently sought a lower rate for Martinez than they intended, this fact does not disturb the court's reasoning in granting Green, Martinez, and Ladha hourly rates of $453, $473, and $433, respectively. These rates were based on not only the evidence plaintiffs presented but also on the rates the court granted to more experienced attorneys at plaintiffs' counsel's firm. The rates granted to those more experienced attorneys (*e.g.*, attorney Heppell, who graduated in 2014 and was granted an hourly rate of $777) support the rates the court granted for Green, Martinez, and Ladha. The court also declined, in its order, to "delink[] hourly rates from years of service." (Dkt. 594 at 13.) That reasoning again applies here, since plaintiffs now seek the same rate for Green and Martinez despite Martinez's longer legal career. Further, there is no explanation why an error regarding Martinez's requested hourly rate supports modifying Green's or Ladha's hourly rates, which were not erroneously stated. Finally, plaintiffs have also provided no basis for reducing, as requested, Green's, Martinez's, and Ladha's hours by 68, 17, and 28.5, respectively. Rather, this request appears to be merely offered to ensure that the topline attorney's fee award granted by the court remains undisturbed. This is an arbitrary basis for reducing these attorneys' claimed hours and does not accord with the court's exhaustive analysis of plaintiffs' billing entries. For these reasons, the motion is denied.

Date: August 27, 2026

Joan H. Lefkow

U.S. District Judge Joan H. Lefkow