**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FULTON,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BARTIK, et al.,<br><br>Defendants. | ) | 20-cv-3118<br><br>Judge Lefkow |
| ANTHONY MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BARTIK, et al.,<br><br>Defendants. | ) | 20-cv-3119<br><br>Judge Lefkow |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO AMEND JUDGMENT AND RECONSIDER FEE APPORTIONMENT FOR DISCLOSURE OF CONFIDENTIAL RULE 33 MEDIATION COMMUNICATIONS**

Defendants, by and through their undersigned counsel, respectfully move this Court to strike Plaintiffs' Motion to Amend Judgment and Reconsider Fee Apportionment ("Plaintiffs' Motion") (*Fulton*, Dkt. 603; *Mitchell*, Dkt. 610) in its entirety:

**Plaintiffs Violated the Sacred Confidentiality of Settlement Mediations**

Plaintiffs' Motion recounts their version of the substance of confidential communications made during the parties' Rule 33 appellate mediation in detail, including a one-sided (and in Defendants' view erroneous) summary of the status of the parties' settlement discussions.[1] (*Fulton*,

[1] Because the improper disclosure is itself the subject of this motion, Defendants have taken care below to describe the nature of the violation without repeating or paraphrasing the confidential content Plaintiffs disclosed, so that this motion does not compound the very problem it asks the Court to remedy.

Dkt. 603 at 2; *Mitchell*, Dkt. 610 at 2). Besides its inaccuracies, Plaintiffs' Motion violates admonition contained in the mediation notice, this district's local rules, and the Seventh Circuit's guidance by placing mediation communications into the public record.

Mediation in the Seventh Circuit falls under Federal Rule of Appellate Procedure 33 and Seventh Circuit Rule 33. The notice governing that mediation states:

> **Confidentiality**: To encourage full and frank discussion, all communications during this mediation, and all further communications, oral and written, during the course of Rule 33 proceedings, are strictly confidential. The content of Rule 33 communications may not be disclosed to anyone other than the litigants and their counsel. Nothing said by the participants, including the mediator, will be placed in the record or disclosed by this office to the Court.

Rule 33 Notice, attached hereto as Exhibit 1. The Seventh Circuit's Practitioner's Handbook for Appeals similarly states:

> Mediation participants, including the circuit mediator, are forbidden to disclose the content of their settlement discussions to the judges of any court or to the public. Thus, participants are assured that they may speak freely and make every effort to settle the case without fear that what they say or propose might later be used against them.

Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit § XIX (B), Mediations, at p. 142.[2]

Notwithstanding the mediation notice and the policy that the Petitioner's Handbook describes, Plaintiffs' Motion to Amend Judgment and Reconsider Fee Apportionment discloses, the status of the parties' settlement discussions conducted through Rule 33 mediation in detail. (*Fulton*, Dkt. 603 at 2; *Mitchell*, Dkt. 610 at 2).

This is not the first occurrence where Plaintiffs' counsel put in public filings confidential mediation discussions. In *DeLeon-Reyes*, Loevy + Loevy submitted a trial brief describing in a

[2] https://www.ca7.uscourts.gov/assets/pdf/Handbook.pdf

footnote, that attorney's version of the settlement discussions that were ongoing in mediation before a magistrate judge in an argument put before the district court judge. Judge Seeger ordered that brief stricken as a result. *See DeLeon-Reyes v. Guevara*, No. 18-cv-1028, Dkt. 950 (N.D. Ill. May 4, 2026), attached hereto as Exhibit 2 (striking Plaintiff's brief, citing L.R. 83.5). Plaintiffs here have also disclosed settlement discussions to achieve their own end—reverse an order of this Court. The disclosure here is not confined to an isolated sentence that the Court could excise while leaving the remainder of Plaintiffs' motion intact. It is embedded in the factual narrative that frames the entire filing, and this Court took those facts in consideration to issue its subsequent ruling, citing the status of the settlement discussions (as Plaintiffs represented them).

This pattern of using confidential settlement discussions to support their motions **needs to stop**.

As the Seventh Circuit stated in its notice to the parties in this case, confidentiality is vital so parties "may speak freely . . . without fear that what they say or propose might later be used against them." Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit § XIX (B), Mediations, at p. 142.

Federal courts possess the inherent authority necessary to manage their own dockets, control the filings that come before them, and ensure the orderly disposition of the cases assigned to them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). That authority extends to striking material from a filing, or the filing itself, where its inclusion violates an obligation of confidentiality imposed by governing rule or order. The Seventh Circuit's own guidance confirms that a Rule 33 mediation notice is itself an order of the court. This district's own local rules reflect the same policy judgment with respect to ADR proceedings referred or approved by a judicial officer of this Court: communications made in such proceedings "shall, in all respects, be

privileged and not reported, recorded, placed in evidence, made known to the trial court or jury..., or construed for any purpose as an admission in the case referred or in any case or proceeding." N.D. Ill. LR 83.5. Even if Plaintiffs violated the Seventh Circuit rule alone, it is appropriate for this Court not to allow a filing that violates the appellate court's rules.

After Plaintiffs filed their motion, defense counsel sent two emails (one yesterday, and a follow-up today) to Plaintiffs' counsel asking that the motion be withdrawn but Plaintiffs provided no substantive response, merely stating that they would respond by the end of the day. (Email Correspondence, attached hereto as Exhibit 3). This delay has already caused this Court to rule on the motion and consider Plaintiffs' the information that Plaintiffs provided in violation of the fundamental court-required tenet of mediation—confidentiality. When Plaintiffs finally responded, they inexplicably took the position that they "did not violate anything" with their filing and viewed the issue as moot. (*Id.*) (Plaintiffs' counsel describing their intentional decision to breach the confidentiality of the Seventh Circuit mediation discussions as part of the motion practice with this court). As described above, Plaintiffs violated Seventh Circuit Rule 33 and this court's local rule regarding the confidentiality of mediations discussions and leveraged that breach to obtain a favorable court order. Defendants submit that this is a clear-cut issue and ask that the Court strike the motion in its entirety.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiffs' Motion in its entirety and grant Defendants any further relief the Court deems just and proper.

Dated: September 17, 2026

Respectfully submitted,

/s Shneur Nathan (Att. # 6294495)
Special Assistant Corporation Counsel
Nathan & Kamionski LLP

206 S. Jefferson
Chicago, Illinois
snathan@nklawllp.com
Attorneys for Defendants Bartik, Breen, and Zalatoris

s/ James P. Fieweger
Special Assistant Corporation Counsel
James P. Fieweger
Michael Best & Friedrich LLP
444 W Lake St Ste 3200,
Chicago, IL 60606
jpfieweger@michaelbest.com
Attorney for Defendant City of Chicago

**Certificate of Service**

I, the undersigned attorney, caused the foregoing motion to be served upon all counsel of record by filing the same with the Court's CM/ECF system which simultaneously sent electronic copies to all counsel of record.

Respectfully submitted,

/s Shneur Nathan (Att. # 6294495)